IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTE THOMAS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NINO V. TINARI** | : | **NO. 15-2465** |

MEMORANDUM

**KEARNEY, J.**                                                                                           **MAY 12, 2015**

Plaintiff Donte Thomas, a prisoner incarcerated at SCI-Greene, brings this action against Nino Tinari, an attorney who represented him at his criminal trial. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant his application to proceed *in forma pauperis* but dismiss his Complaint with prejudice.

I.     FACTS[1]

On April 20, 2006, the Commonwealth arrested Plaintiff and charged him with murder and related offenses. *See Commonwealth v. Thomas*, CP-51-CR-606781-2006 (Philadelphia Ct. Common Pleas). Plaintiff retained Mr. Tinari to represent him. Plaintiff alleges that Mr. Tinari was not prepared for the preliminary hearing and made no effort to speak with Plaintiff at the conclusion of the preliminary hearing. Plaintiff further alleges that, although he retained Mr. Tinari for trial, Mr. Tinari never met with him in person and never sent a paralegal or private investigator to meet with him. In September 2007, the jury convicted Plaintiff in the Court of Common Pleas and sentenced him to death. Plaintiff contends that Mr. Tinari failed to investigate his case and provided "virtually no defense" despite Plaintiff's alibi witnesses who could account for his whereabouts at the time of the murder, witnesses who inculpated other

---

[1] The following facts are taken from the complaint and publicly available dockets of Plaintiff's underlying criminal proceedings.

individuals as the perpetrator, and evidence that he had little strength in his right hand between his thumb and index finger (which, presumably, would have made it difficult for him to pull the trigger of a gun).

Although the criminal docket reflects Mr. Tinari filed an appeal on Plaintiff's behalf, he did not represent Plaintiff in connection with that appeal. The docket reflects that Plaintiff moved to remove counsel on September 26, 2007 and another attorney entered his appearance for Plaintiff on October 22, 2007. Plaintiff's appeal was unsuccessful.[2] *See Commonwealth v. Thomas*, 54 A.3d 332, 334 (Pa. 2012). He subsequently filed a motion for post-conviction relief and received new counsel. His new attorney allegedly discovered additional shortcomings in Mr. Tinari's performance.

Plaintiff filed this action on April 29, 2015 against Mr. Tinari.[3] The complaint raises constitutional claims pursuant to 42 U.S.C. § 1983, and a legal malpractice claim under state law, based on alleged deficiencies in Mr. Tinari's representation. Plaintiff primarily seeks damages to compensate him for the time he has spent on death row.

## II.     STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* as he is unable to pay the costs of filing suit.

As Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A

---

[2] Plaintiff attempted to challenge certain aspects of Mr. Tinari's performance on appeal, but the Pennsylvania Supreme Court held that he was required to pursue his claims in post-conviction proceedings. *See Commonwealth v. Thomas*, 54 A.3d 332, 344-45 (Pa. 2012).

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint does not reflect when Plaintiff delivered it for mailing, but it is dated April 29, 2015.

complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Plaintiff challenges convictions and related imprisonment that have not been invalidated. His claims are not cognizable in a civil rights action. In any event, Mr. Tinari is not a state actor and there is no legal basis for a § 1983 claim against him. *See Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law.").

Plaintiff's legal malpractice claim also fails as time-barred. Under Pennsylvania law, the statute of limitations on a legal malpractice claim against a criminal defense attorney starts to run from "the termination of the attorney-client relationship, since at that point the aggrieved defendant is aware of the injury (i.e., the conviction), and is on clear notice to investigate any alternate cause of that harm which he believes to exist." *Bailey v. Tucker*, 621 A.2d 108, 116 (Pa. 1993). The statute of limitations on a legal malpractice claim sounding in trespass (such as Plaintiff's claim in this case), is two (2) years. *See id.* at 116 n.17; *see also* 42 Pa. Cons. Stat. § 5524. As Plaintiff's attorney-client relationship with Mr. Tinari terminated in 2007, and as Plaintiff did not file this action until April 29, 2015, his claims are time-barred. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (court may take judicial notice of public records in determining whether to dismiss a complaint as time-barred). In any event, Plaintiff cannot prevail on his legal malpractice claim "unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error." *Bailey*, 621 A.2d at 115.

**IV.     CONCLUSION**

We dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Plaintiff is not given leave to file an amended complaint because he cannot cure the defects in his claims.